

FILED

APR 1 9 2018

Clerk, U S District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

|  |  |
|---|---|
| GENET McCANN, | |
| Plaintiff, | No. CV 18-57-H-SEH |
| vs. | |
| The Supreme Court of the State of Montana, Chief Justice Mike McGrath in his official capacity as Chief Justice of the Montana Supreme Court; the Commission on Practice of the Supreme Court of the State of Montana, Ward Taleff, in his official capacity as Chairman of the Commission on Practice; Office of the State Disciplinary Counsel, Michael Cotter Chief Disciplinary Counsel, in his official capacity, Jon Moog, deputy disciplinary counsel in his official capacity. | **ORDER** |
| Defendants. | |

On April 17, 2018, McCann filed a Verified Complaint for Declaratory and

Injunctive Relief ("the Complaint"). (Doc. 1.) Because the Complaint seeks "an

IMMEDIATE EMERGENCY TEMPORARY RESTRAINING ORDER pending a jury trial and final judgment on permanent injunction and declaratory relief" (Doc. 1 at 23), the Court construes the Complaint as encompassing a motion for a temporary restraining order. For the reasons described below, the Court denies the motion.

A temporary restraining order "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. Rule Civ. P. 65(b)(1).

Thus, in order to secure a preliminary injunction, McCann must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm without preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Resources Def. Council,*

*Inc.*, 555 U.S. 7, 20 (2008).

Contrary to McCann's proposition that the Commission on Practice's recommendation is set to be decided by the Montana Supreme Court on April 25, 2018, or April 29, 2018 (Doc. 1 at 6), the Court takes judicial notice that no such hearing is scheduled before the Montana Supreme Court. Federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

On March 26, 2018, the Commission on Practice filed its Recommendation, and on April 12, 2018, McCann filed a Motion to Stay Proceedings in the pending Montana Supreme Court case. *In the Matter of Genet McCann*, No. PR 17-0670/17-110 (Mont. April 12, 2018). The Office of Disciplinary Counsel filed a response to the Motion to Stay Proceedings on April 17, 2018. *In the Matter of Genet McCann*, No. PR 17-0670/17-110 (Mont. April 17, 2018). Consideration of the ripe Motion to Stay Proceedings is not yet scheduled on the Montana Supreme

Court Conference Agenda. *See In re Amendment of the Mont. Supreme Court Internal Operating Rules*, No. AF 06-0632, 2015 Mont. LEXIS 641, at *10 (Mar. 18, 2015) ("The Court shall generally hold a conference on Tuesday afternoon . . . . Each week's conference agenda shall be distributed by the preceding Friday afternoon."). Thus, even if the Motion to Stay is reviewed at the Montana Supreme Court's conference on April 24, 2018, McCann still has 30 days to file an objection to the Commission on Practice's Recommendation. *See* Montana Rules of Lawyer Disciplinary Enforcement, Rule 16. The Montana Supreme Court does not have a hearing scheduled regarding the COP's Recommendation, nor is it likely to set a hearing or make a final decision regarding the Recommendation until the matter is fully briefed and the pending motion to stay is ruled upon.

Because temporary restraining orders are "disfavored," the party seeking the order is required to satisfy "*all* the requirements" of Rule 65(b). Baicker-Mckee et al., Federal Civil Rules Handbook, 1281 (Thomson Reuters 2015) (emphasis in original). Here, due to the ongoing nature of the underlying Montana Supreme Court case and no immediate pending hearing scheduled on the Court's calendar, McCann's motion fails to adequately establish that immediate and irreparable injury, loss, or damage will result at this time. Fed. R. Civ. P. 65(b)(1)(A). Therefore, the temporary restraining order pursuant to the Complaint is denied.

Finally, the Court notes that McCann issued summons for Defendants The Supreme Court of the State of Montana, The Commission on Practice of the Supreme Court of the State of Montana and Office of the State Disciplinary Counsel (Doc. 2), but it does not appear that McCann has issued a summons for Defendant Jon Moog. Under Federal Rule of Civil Procedure 4(b), "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Further, it appears McCann has failed to file proof of service. Pursuant to Federal Rule of Civil Procedure 4 and Local Rule 4, McCann is required to file proof of service.

Accordingly, IT IS ORDERED that:

1.     McCann's motion for a temporary restraining order found within the Complaint (Doc. 1) is DENIED.

2.     McCann shall issue a summons for Defendant Jon Moog.

3.     McCann shall serve her Complaint on all Defendants.

DATED this <u>19th</u> day of April, 2018.

SAM E. HADDON
United States District Judge